# UNITED STATES DISTRICT COURT

for

District of Guam

### Report for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Nicholas Edward Tomasek**  Case Number: **CR 97-00003-001**

Name of Sentencing Judicial Officer:  John S. Unpingco

Date of Original Sentence:  June 19, 1998

Original Offense: Count I: Conspiracy To Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846, and Count IV: Possession and Receipt of A Firearm and Ammunition by An Ex-Felon in violation of 18 U.S.C. § 922(g)(1).

Original Sentence: 120 months imprisonment for Count I and Count IV to be served concurrently, followed by a four year term of supervised release with the following conditions: participate in a program approved by the U.S. Probation Office for substance abuse, which may include but is not limited to uranalysis; participate in a mental health program approved by the U.S. Probation Office; seek and maintain gainful employment, and pay a $200 special assessment fee.

Type of Supervision: Supervised Release  Date Supervision Commenced: February 1, 2008

### PETITIONING THE COURT

☐ To extend the term of supervision for _____ years, for a total term of _____ years.

[X] To modify the conditions of supervision as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender                                                                                                                         page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Nicholas Tomasek's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is the offender's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify Mr. Tomasek's mandatory condition to set the maximum number of tests that he must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Tomasek's consent to the modification.

Reviewed by:                                                              Respectfully submitted,

/s/ CARMEN D. O'MALLAN                           by:    /s/ GRACE D. FLORES
U.S. Probation Officer Specialist                              U.S. Probation Officer
Supervision Unit Leader

Date:   March 5, 2008                                              Date:   March 5, 2008

THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☐ The Modification of Conditions as Noted Above.

☐ Other          Issuance of a:    ☐ Summons    ☐ Warrant

PROB 49
(3/89)

# United States District Court

for

*District of Guam*

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

I agree to the modification of my supervised release conditions to include the following conditions:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Witness: __Grace D. Flores__   Signed: __Nicholas Edward Tomasek__
U.S. Probation Officer            Probationer or Supervised Releasee

__3-3-08__
Date